IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD L. RHOADES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 09-1555 |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 20th day of April, 2010, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 11) is DENIED and defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

---

[1]

Plaintiff challenges the ALJ's determination at step five of the sequential evaluation process that he was not disabled commencing January 4, 2005. See 20 C.F.R. § 404.1520. Plaintiff argues that his impairments on September 1, 2005, the date on which he was found to be disabled, were the same as they were on his alleged onset date.

At step five of the sequential evaluation process, the ALJ found that Plaintiff, a "younger person," was not disabled on January 4, 2005, because he "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." R. 17-18. Plaintiff was born on December 10, 1955. On the alleged onset date of January 5, 2005, Plaintiff was more than eleven months from being considered to be "closely approaching advanced age," when it may be more difficult to adjust to new work. 20 C.F.R. § 404.1563(d). The Commissioner had previously determined that Plaintiff was disabled on September 1, 2005, because he was within a few months of his fiftieth birthday, at which time Medical-Vocational Rule 201.14 would have directed a finding that he was disabled. R. 84-85. Where a claimant's age falls within a few months of the starting date of an age category, the Grids should not be employed mechanically in a borderline situation. Kane v. Heckler, 776 F.2d 1130, 1133 (3d Cir. 1985); 20 C.F.R. § 404.1563(a). The Commissioner found that a borderline age situation existed and awarded Plaintiff disability benefits.

The Commissioner did not err in awarding benefits as of September 1, 2005, instead of January 4, 2005. The Commissioner's decision is affirmed.